UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1165-GW(FFMx) | Date | May 8, 2019 |
|---|---|---|---|
| Title | *Elizabeth Guadalupe Lopez, et al. v. Ford Motor Company, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:** **IN CHAMBERS - RULING ON ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**


Attached hereto is the Court's Ruling on the Order to Show Cause re Subject Matter Jurisdiction. The Court would order that this matter be remanded forthwith to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.

                                                                                            :
                                                                Initials of Preparer    JG

**I. Introduction**

On December 29, 2018, Plaintiffs Elizabeth Lopez and Miguel Badillo filed the present lawsuit in state court alleging: (1) violation of Song-Beverly Act – breach of express warranty, (2) violation of Song-Beverly Act – breach of implied warranty, (3) violation of Song-Beverly Act Section 1793.2, and (4) negligent repair against Ford Motor Company ("Ford") and Vista Ford Lincoln ("Vista Ford") (collectively "Defendants").  *See* Complaint, attached as Exhibit A to Notice of Removal, Docket No. 1-1.  In the Complaint, Plaintiffs asserted various deficiencies in their newly purchased 2016 Ford F-150 ("Vehicle") (*id.* at ¶ 10); and also that Vista Ford, after Plaintiffs had taken the vehicle to it for authorized service/repairs: (1) "failed to tender the subject vehicle back to Plaintiffs in conformance with its warranties" (*id.* at ¶ 48), and (2) "breached its duty to Plaintiffs to use ordinary care and skill by failing to properly store, prepare and repair of the Subject Vehicle in accordance with industry standards." *Id.* at ¶ 19.[1]

Defendants filed a notice of removal in this matter on February 14, 2019, on the basis of diversity jurisdiction.  *See* Notice of Removal ("NoR"), Docket No. 1.  While the NoR recognized that defendant Vista Ford was a citizen of California, it argued that Vista Ford was fraudulently joined and that its citizenship should be disregarded.  *Id.* ¶ 8.  On April 22, 2019, the Court issued an Order to Show Cause re Subject Matter Jurisdiction ("OSC") stating that Defendants had failed to meet their heavy burden of showing that Vista Ford was fraudulently joined under applicable law.  *See* OSC, Docket No. 14 at 2-4.  However, the Court allowed Defendants to submit a further briefing on the issue; and the Plaintiffs to reply.  *Id.* at 1 of 4.  Ford filed its response on April 26, 2019 (*see* Ford Motor Company's Response to the Court's Order to Show Cause Re Subject Matter Jurisdiction ("Def. Resp."), Docket No. 15); and Plaintiffs filed their reply on May 3, 2019 (*see* Plaintiffs' Reply to Defendant's Opposition to Order to Show Cause Regarding Subject Matter Jurisdiction ("Pl. Reply"), Docket No. 16).

The Court finds that the OSC can be decided on the papers and the oral argument at the April 22, 2019 hearing, such that no further oral argument is necessary.  *See* Central District of California Local Rule 7-15.  Hence, the hearing set for May 9, 2019, is taken off-calendar and the Court issues this ruling on the OSC.

**II. Discussion**

Defendant Ford is a Delaware corporation with its principle place of business in Michigan. *See* NoR ¶ 5.  Defendant Vista Ford is a California corporation with its principal place of business in California.  *Id.* ¶ 10.  Plaintiffs are all citizens of California.  *Id.* ¶ 4.  Defendants claim that this Court has diversity jurisdiction over this matter because Vista Ford was fraudulently joined in Plaintiffs' Complaint and its citizenship should not be considered in the Court's analysis of diversity.  *See generally id.*

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over

---

[1] The Complaint contains a mis-numbering of the paragraphs as to the fourth cause of action wherein it begins to mark the paragraphs in that section starting with the number "16" rather than the correct number "56."  As cited at this point, ¶19 refers to that paragraph as so-labelled in the fourth cause of action.

matters authorized by the Constitution and Congressional statute. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Federal courts have an independent duty to analyze whether subject-matter jurisdiction exists, regardless of whether a party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). A court may remand a case on jurisdictional grounds without giving the parties an opportunity to address the issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

As noted, Ford argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Defendants do not dispute that both Vista Ford and Plaintiffs are citizens of California. *See generally* NoR. Instead, Defendants argue that Vista Ford has been fraudulently joined and therefore should be ignored for purposes of diversity. *See generally id.*

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the diversity requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is *any* possibility that the state law *might* impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (emphasis added). Moreover, "'[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . .' *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted) . . . ." *Esperanza v. Shanklin Corp.*, Case No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465, at *2 (C.D. Cal. Dec. 19, 2017); *see also Lytle v. Ford Motor Co.*, Case No. 2:18-cv-1628-WBC (EFBx), 2018 WL 4793800, at *5 (E.D. Cal. Oct. 2, 2018) ("the relevant inquiry is only whether plaintiff *could* state a claim against [the in-state defendant] on *any* legal theory. [emphasis in original].").

Defendants argue that Plaintiffs have not alleged facts sufficient to state a claim against Vista Ford. *See* NoR ¶ 11-14. Plaintiffs' only claim against Vista Ford is for negligent repair in the fourth cause of action. *See* Complaint, Docket No. 1-1, ¶¶ 56-60 (improperly labeled ¶¶ 16-20 in Complaint). The elements of negligence are duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422

F.2d 1013, 1020 (9th Cir. 1970). In support of their negligent repair claim, Plaintiffs allege that they took their Vehicle to Vista Ford on "numerous occasions." *See* Complaint, Docket No. 1-1, ¶ 17. They further aver that Vista Ford owed them a duty to use ordinary care and skill and breached the duty by failing to properly store, prepare, and repair the Vehicle. *Id.* ¶¶ 18-19. They allege this breach was a proximate cause of their damages. *Id.* ¶ 20. Although Plaintiffs' allegations may or may not be sufficient to survive a motion to dismiss, they are certainly sufficient to defeat Defendants' claim of fraudulent joinder, as there is no evidence that any insufficiencies in the allegations could not be cured by leave to amend. *See Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084-85 (E.D. Cal. 2010) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant . . . . Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.") (internal quotations and citations omitted).

Defendants also argue that the economic loss rule absolutely bars Plaintiffs' negligent repair claim against Vista Ford. *See* NoR ¶ 15; *see also* Def. Resp. at 6-9. The economic loss rule arises out of "[t]he distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss." *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965). However, courts have found that a plaintiff may recover in tort "when a product defect causes damage to 'other property,' that is, property other than the product itself," whereas "[t]he law of contractual warranty governs damage to the product itself." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002).

To apply the economic loss rule, courts first determine what product is at issue. *Id.* "Only then do [courts] find out whether the injury is to the product itself (for which recovery is barred by the economic loss rule) or to property other than the defective product (for which products may recover in tort)." *Id.* Notably, "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (*e.g.*, a window) causes to other portions of a larger product (*e.g.*, a house) into which the former has been incorporated." *Id.*; *see, e.g., Stearman v. Centex Homes*, 78 Cal. App. 4th 611, 615 (2000) (affirming judgment making a builder strictly liable in tort for damages that a defective foundation caused to the interior and exterior of a home).

Defendants have failed to show the economic loss rule entirely precludes Plaintiffs' negligent repair claim. Plaintiffs allege electrical, exterior, structural, engine and transmission defects. Complaint ¶ 10. Additionally, Plaintiffs aver that Vista Ford failed "to properly store . . . and repair" the vehicle which caused them damages. *Id.* at ¶ 19. The economic loss rule would "not necessarily bar recovery in tort for damage that these subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated." *See Sabicer v. Ford Motor Co.*, 362 F.Supp.3d 837, 841 (C.D. Cal. 2019).[2] Defendants have not

---

[2] It would be noted that the *Sabicer* case raised substantially the same facts/situation as this case. Therein, plaintiff sued the Ford Motor Company pursuant to the same "lemon law" causes of action as are involved here as to a Ford F-150 truck; and (like this case) the plaintiffs only named the repair facility defendant (Santa Magarita Ford) in a single cause of action for "negligent repair." 362 F.Supp.3d at 839-40. As to that latter claim, plaintiffs similarly alleged that Santa Magarita Ford "breached [its] duty by failing to properly store, prepare, and repair the Vehicle." *Id.* at 841. Judge Carney of the Central District of California Court held that: (1) the economic loss rule did not preclude a negligent repair claim against the repair facility defendant (*id.* at 841-42); and (2) defendants failed to show that the repair facility defendant had been fraudulently joined (*id.* at 842). Consequently, the case was remanded back to state court.

It is also noted that the *Sabicer* decision is consistent with a growing number of lemon law cases involving Defendant Ford and an authorized repair facility (where the latter was solely named in a negligent repair cause of

established that a customer could never recover against a dealership for negligent repair of a vehicle under warranty. *See Lytle*, 2018 WL 4793800, at *4-5 (E.D. Cal. Oct. 1, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *see also Tasch v. Ford Motor Co.*, Case No. 18-cv-380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (finding defendants did not show plaintiff's negligent repair claim was impossible as a matter of California law). Defendants argue that the vehicle should be considered a single product because it is covered by a warranty which applies to "every part of the car." *See* Def. Resp. at 8. Defendants cite no authority for the proposition that damage to subcomponents cannot be recognized where a vehicle is covered by an express warranty (or where the negligent repair causes additional damage not covered by the warranty), and the Court is unpersuaded by this argument.

Alternatively, Defendants ask this Court to exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Vista Ford as a party. Dismissal of dispensable nondiverse parties should be exercised sparingly only after considering whether such dismissal will prejudice any of the parties in the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). The Court declines to do so here. The claims against Ford and Vista Ford are sufficiently intertwined (factually and legally) such that severance would be inconvenient and inefficient. Since Vista Ford performed repairs of the same allegedly defective vehicle, it would be far more convenient for Plaintiffs to present any claims related to Vista Ford's repairs in the same case as claims related to manufacturing defects. *See generally* Complaint. *See Sabicer*, 362 F.Supp.3d at 842.

Defendants here have not met their burden to establish that joinder of Vista Ford was fraudulent. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). Because the fraudulent joinder exception to the diversity requirement does not apply, the parties to this action are not completely diverse and this Court lacks subject matter jurisdiction. The action was improperly removed and must be remanded to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. Conclusion

For the reasons stated herein, the Court would order that this matter be remanded forthwith to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.

Plaintiffs have requested that the Court award them attorney's fees and costs "associated with the motion for remand to state court." The Court would deny this request. Plaintiffs did not file a motion for remand in this case. Plaintiffs only addressed the issue of the Court's subject matter jurisdiction after being requested to do so by this Court. *See* Docket. Furthermore, the Court would find that although Defendants' removal of the action was improper, it was not "objectively unreasonable." *Grancare, LLC*, 889 F.3d at 543. Therefore, the Court would deny Plaintiffs' request for attorney's fees and costs.

---

action) which have rejected Ford's fraudulent joinder theory espoused herein. *See e.g. Lytle*, 2018 WL 4793800, at *4-5; *Tasch v. Ford Motor Co.*, Case No. 18-cv-380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018).